1  ATKINSON, ANDELSON, LOYA, RUUD & ROMO
   A Professional Corporation
2  Warren S. Kinsler          State Bar No. 103265
       WKinsler@aalrr.com
3  Sharon J. Ormond          State Bar No. 195812
       SOrmond@aalrr.com
4  12800 Center Court Drive South, Suite 300
   Cerritos, California 90703-9364
5  Telephone:  (562) 653-3200
   Fax:  (562) 653-3333
6
7  Attorneys for Defendants CITRUS COMMUNITY
   COLLEGE DISTRICT, DR. GERALDINE PERRI,
   ARVID SPOR, MARTHA MCDONALD, ADRIENNE
8  THOMPSON

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

                        WESTERN DIVISION

12

13  VINCENZO SINAPI-RIDDLE,              Case No.    2:14-cv-05104-FMO-RZ

14              Plaintiff,               **DEFENDANTS' NOTICE OF
                                         MOTION AND MOTION TO
15  v.                                   DISMISS PLAINTIFF'S
                                         COMPLAINT [F.R.C.P. 12(B)(1)
16  CITRUS COMMUNITY COLLEGE             AND (B)(6)] OR IN THE
    DISTRICT, DR. GERALDINE PERRI,       ALTERNATIVE FOR A MORE
17  ARVID SPOR, MARTHA                   DEFINITE STATEMENT F.R.C.P.
    MCDONALD, ADRIENNE                   12(E)]; MEMORANDUM OF
    THOMPSON, and DOE DEFENDANT          POINTS AND AUTHORITIES**
18  1,
                                         **Filed Concurrently:**
19              Defendants.                  **Request For Judicial Notice; and
                                             Proposed Order**
20

21                                       Judge:    Hon. Fernando M. Olguin
                                         Date:     December 4, 2014
22                                       Time:     10:00 a.m.
                                         Crtrm:    22
23
                                         Complaint Filed:    July 1, 2014
24                                       Trial Date:         None

25

26

27

28

005899.00028
12564590.1

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

PLEASE TAKE NOTICE that on December 4, 2014, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 22 of the United States District Court, Central District, located at 312 North Spring Street, Los Angeles, California, Defendants, CITRUS COMMUNITY COLLEGE DISTRICT ("District"), DR. GERALDINE PERRI ("Perri"), ARVID SPOR ("Spor"), MARTHA MCDONALD ("McDonald"), and ADRIENNE THOMPSON ("Thompson") will move this court pursuant to Federal Rules of Civil Procedure, Rules 12 (b)(1) and 12(b)(6), for an order dismissing Plaintiff's Complaint for Injunctive and Declaratory Relief and Damages. This motion is made on the following grounds:

1.      Eleventh Amendment immunity bars all claims against the District and all claims for monetary damages against individual defendants, sued in their official capacities.

2.      Plaintiff lacks standing to challenge the constitutionality of Administrative Procedure 7102 on its face (Count III), or of Administrative Procedure 5450 on its face and as applied (Counts II and VI) based on the absence of facts establishing an injury in fact.

3.      Plaintiff's Count VII, alleging violation of 42 U.S.C. § 1983 (*Monell* claim) fails to state facts sufficient to support a claim for relief against the District. The District is an agency of the State of California and not a municipality, so *Monell* does not apply to the District.

4.      Plaintiff's Counts I, IV and V, challenging the constitutionality of Administrative Procedure 3900 on its face and as applied, fails to state facts sufficient to support a claim for relief.

5.      Defendant Thompson is Entitled to Qualified Immunity on Count V.

6.      Plaintiff's Counts II and VI, challenging the constitutionality of Administrative Procedure 5450 on its face and as applied, fail to state facts sufficient to support a claim for relief.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

7.       Plaintiff's Count III, challenging the constitutionality of Administrative Procedure 7102 on its face, fails to state facts sufficient to support a claim for relief.

This motion is made following Defendants' attempt to meet and confer with Plaintiff's counsel pursuant to U.S. District Court Central District Local Rule 7-3. On August 28, 2014, Sharon J. Ormond, counsel for Defendants, spoke by telephone with Robert Corn-Revere (based in Washington D.C.), counsel for Plaintiff about the motion to dismiss. The issues were not resolved; however, the parties stipulated to postpone the filing deadline of the motion until October 27, 2014, to engage in settlement discussions. The Court approved of the parties' stipulation, but ordered that no further continuances would be approved. By October 20, 2014, the parties had not yet reached a settlement, so Ms. Ormond spoke with Mr. Corn-Revere about Defendants needing to comply with the judge's order and file a responsive pleading by October 27, 2014, and she reviewed the basis for the motion. The issues were not resolved, thus necessitating the need for the instant motion so as not to waive any defenses that Defendants' may have.

This motion will be made and based on this Notice of Motion, the Memorandum of Points and Authorities, the pleadings and records on file with this court, any evidence of which the court may take judicial notice prior to or at the hearing of this matter, and upon such oral or documentary evidence as may be presented at the hearing of this motion.

Dated: October 27, 2014             ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By:   /s/ Sharon J. Ormond
                        Warren S. Kinsler
                        Sharon J. Ormond
                        Attorneys for Defendants CITRUS
                        COMMUNITY COLLEGE DISTRICT,
                        DR. GERALDINE PERRI, ARVID
                        SPOR, MARTHA MCDONALD,
                        ADRIENNE THOMPSON

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

005899.00028
12564590.1

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ..........................................1

I.  STATEMENT OF FACTS..............................................................................1

    A.  Administrative Procedure 3900—Speech: Time, Place, and Manner ...................................................................................................1

    B.  Administrative Procedure 5450—Student Clubs and Organizations .........................................................................................2

    C.  Administrative Procedure 7102—Prohibition of Harassment.............4

II.  ARGUMENT .................................................................................................4

    A.  Eleventh Amendment Immunity Bars All Claims Against the District and Claims for Monetary Damages Against Individual Defendants Sued in their Official Capacities.......................................4

        1.  The District is an Agency of the State of California and, Therefore, Immune From Suit. ..............................................5

        2.  The Defendants, Sued in their Official Capacities, Are Immune From Liability for Monetary Damages. .....................5

    B.  The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Second, Third and Sixth Claims for Relief.........................................6

        1.  Plaintiff Lacks Standing to Challenge AP 7102 (Count III). ............................................................................................7

        2.  Plaintiff Lacks Standing to Challenge AP 5450 (Counts II and VI). ......................................................................................9

    C.  Plaintiff Fails To State Any Claims Upon Which Relief Can Be Granted...........................................................................................10

        1.  Plaintiff's Counts I, IV, and V, Challenging the Constitutionality of AP 3900 On Its Face and As Applied, Must Be Dismissed. ...............................................11

            a.  Forum Analysis Determines the Extent of Government Control Over Its Property.........................12

            b.  Count I Fails to State a Claim for Relief Under § 1983, as AP 3900 is a Reasonable Time, Place and Manner Restriction......................................14

                i)  AP 3900 Is Content and Viewpoint-Neutral. .......14

                ii)  AP 3900 Is Narrowly Tailored to Serve a Significant Government Interest. .........................14

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**TABLE OF CONTENTS**
**(CONTINUED)**

**Page**

    iii)   *AP 3900 Leaves Open Ample Alternative Channels of Communication of the Information.* ..................................................... 16

   **c.**   Count IV Fails to State a Claim for Relief Under § 1983. ......................................................................... 17

   **d.**   Count V Fails to State a Claim for Relief Under § 1983. ......................................................................... 18

   **e.**   Defendant Thompson is Entitled to Qualified Immunity. ...................................................................... 19

 D.   Plaintiff's Counts II and VI, Challenging the Constitutionality of AP 5450 On Its Face and As Applied, Fail To State a Claim for Relief. ................................................................................................. 21

   1.   Count II Fails to State a Claim Because AP 5450 Constitutes a Reasonable Time, Place and Manner Restriction. ................................................................................. 21

   2.   Count IV Fails to State a Claim For Unconstitutional Application of AP 5450. ....................................... 23

 E.   Plaintiff's Count III, Challenging the Constitutionality of AP 7102 On Its Face, Must Be Dismissed. ................................................ 25

III.   CONCLUSION ................................................................. 25

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Pages**

**FEDERAL CASES**

*Adderley v. Florida*
385 U.S. 39 (1966) ........................................................................................... 12

*Anderson v. Creighton*
483 U.S. 635 (1987) ......................................................................................... 20

*Ashcroft v. al–Kidd*
563 U.S. —— ................................................................................................... 19

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ............................................................................ 9, 11, 18, 20

*Babbitt v. United Farm Workers Nat'l Union*
442 U.S. 289 (1979) ........................................................................................... 7

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) ......................................................................................... 10

*Bl(a)ck Tea Soc'y v. City Of Boston*
378 F.3d 8 (1st Cir. 2004) ............................................................................... 16

*Bloedorn v. Grube*
631 F.3d 1218 (11th Cir. 2011) ............................................................ 13, 15, 17

*Bob Jones Univ. v. United States*
461 U.S. 574 ..................................................................................................... 22

*Bowman v. White*
444 F.3d 967 (2006) ......................................................................................... 15

*Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*
149 F.3d 971 (9th Cir. 1998) ........................................................................... 20

*Cerrato v. San Francisco Comm. College Dist.*
26 F.3d 968 (9th Cir. 1994) ............................................................................... 6

*Christian Legal Society Chapter of the University of California, Hastings
College of the Law v. Martinez*
561 U.S. 661 (2010) ............................................................................... 21, 22, 24

*City of Canton v. Harris*
489 U.S. 378 (1989) [an action under § 1983 cannot be based on vicarious
liability alone, but must allege the defendant's own conduct violated the
plaintiff's civil rights] .................................................................................. 24

*City of Los Angeles v. Lyons*
461 U.S. 95 (1983) ............................................................................................. 7

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

- iii -

DEFENDANTS' MOTION TO DISMISS

1

2

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Pages**

3

4

*Clark v. Community for Creative Non-Violence*
   468 U.S. 288 (1984) .................................................. 13, 14, 16, 17

*Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*
   473 U.S. 788 (1985) ....................................................... 12, 17, 18

5

*DeSoto v. Yellow Freight Systems, Inc.*
   957 F.2d 655 (9th Cir. 1992) ..................................................... 11

6

7

*Desyllas v. Bernstine*
   351 F.3d 934 (9th Cir. 2003) ..................................................... 13

8

9

DiLoreto v. Downey Unified School Dist.
   196 F.3d 958 (9th Cir. 1999).............................................. 12, 17

10

*FW/PBS, Inc. v. City of Dallas*
   493 U.S. 215 (1990) ................................................................... 6

11

12

*Gilles v. Blanchard*
   477 F.3d 466 (7th Cir. 2007), cert denied 552 U.S. 820 ............... 12, 13

13

*Greer v. Spock*
   424 U.S. 828 (1976) ................................................................. 12

14

*Grove City College v. Bell*
   465 U.S. 555 ............................................................................ 22

15

16

*Harlow v. Fitzgerald*
   457 U.S. 800 (1982) ........................................................... 19, 20

17

*Heffron v. Int'l Society for Krishna Consciousness, Inc.*
   452 U.S. 640 (1981) .......................................................... 12, 16

18

19

*Holley v. Cal. Dep't of Corr.*
   599 F.3d 1108 (9th Cir. 2010)..................................................... 5

20

*Kokkonen v. Guardian Life Insur. Co.*
   511 U.S. 375 (1994) ................................................................... 6

21

22

*Laird v. Tatum*
   408 U.S. 1 (1972) ...................................................................... 7

23

*Lane v. Franks*
   ___U.S.___, 134 S.Ct. 2369 (2014) ........................................ 19

24

25

*Long Beach Area Police Network v. City of Long Beach*
   574 F.3d 1011 (9th Cir. 2009)............................................. 15, 23

26

*Lopez v. Candaele*
   630 F.3d 775 (9th Cir. 2010.) ............................................ 6, 7, 8, 25

27

28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Pages**

*Lujan v. Defenders of Wildlife*
504 U.S. 555 (1992) ....................................................................... 7

*Malley v. Briggs*
475 U.S. 335 (1986) .................................................................. 19, 20

*Mitchell v. Los Angeles Community College District*
861 F.2d 198 (9th Cir. 1988), cert. denied, 490 U.S. 1081 (1989) ................. 5, 6

*Monell v. New York City Dept. of Social Services*
436 U.S. 658 (1978) ....................................................................... 5

*Norwood v. Harrison*
413 U.S. 455 ............................................................................ 22

*Pennhurst State School & Hosp. v. Halderman*
465 U.S. 89 (1984) ........................................................................ 5

*Perry Educ. Ass'n v. Perry Local Educators' Ass'n*
460 U.S. 37 ...................................................................... 12, 13, 17

*Quern v. Jordan*
440 U.S. 332 (1979) ....................................................................... 5

*Rock For Life-UMBC v. Hrabowski*
411 Fed.Appx. 541, 2010 WL 5189456 (4th Cir. 2010) ................................ 7, 8

*Sprewell v. Golden State Warriors*
266 F.3d. 979 (9th Cir. 2001) ............................................................ 11

*Terenkian v. Republic of Iraq* (9th Cir. 2012)
694 F.3d 1122 ............................................................................. 9

*Thomas v. Anchorage Equal Rights Comm'n*
220 F.3d 1134 (9th Cir. 2000) ......................................................... 7, 25

*Thornhill Pub. Co. v. General Telephone Electronics*
594 F.2d 730 (9th Cir. 1979) ............................................................. 6

*U.S. Postal Service v. Council Greenburgh Civic Ass'ns*
453 U.S. 114 (1981) ...................................................................... 11

*United States v. Baugh*
187 F.3d 1037 (9th Cir. 1999) ........................................................... 22

*Ward v. Rock Against Racism*
491 U.S. 781 (1989) ................................................................ 15, 22, 23

*Widmar v. Vincent*
454 U.S. 263 (1981) ...................................................................... 13

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

# TABLE OF AUTHORITIES
## (CONTINUED)

**Pages**

*Wood v. Moss*
  ___ U.S. ___, 134 S.Ct. 2056 (2014) ........................................................ 19, 20

*Ex Parte Young*
  209 U.S. 123 (1908) .................................................................................. 6

**FEDERAL CODES/STATUTES**

42 U.S.C. § 1983 ...................................................................................... passim

**STATE CODES/STATUTES**

California Education Code § 76060 ............................................................... 2

Educ. Code, §§ 212.5, 66262.5, 66281.5 ..................................................... 4

Educ. Code, § 66010.4(a)(1) ................................................................. 13, 15

Educ. Code, § 76060.5 ................................................................................. 3

Educ. Code, § 82537 et seq. ....................................................................... 17

Education Code § 70902(a) ......................................................................... 13

Education Code §§ 76060, 76063, 76065, 84040, and 5 ............................. 3

Education Code § 76062 .............................................................................. 3

**OTHER AUTHORITIES**

Fed. R. Civ. Proc. 12(e) .............................................................................. 11

Federal Rule of Civil Procedure 8(a)(2) ...................................................... 10

Rule 4 of the Federal Rules of Civil Procedure ............................................ 18

Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure .............. 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    STATEMENT OF FACTS

The Citrus Community College District ("District"), an agency of the State of California, operates one campus—Citrus College. Vincenzo Sinapi-Riddle ("Plaintiff"), a student at Citrus College, filed suit against the District, four of its officials and a "Doe 1" to challenge the constitutionality of three District procedures on their face, and two of those procedures as applied to him.

### A.    Administrative Procedure 3900—Speech: Time, Place, and Manner

The first procedure at issue is Administrative Procedure ("AP") 3900 (Ex. C to Plaintiff's Complaint ("Cp.")). The District's elected Board of Trustees, consistent with well-established legal precedent, adopted Board Policy 3900 (Ex. B. to Cp.), declaring its campus to be a nonpublic forum, except for areas designated for use by students or the community, which are designated public forums. Plaintiff's complaint does not express any challenge to the constitutionality of Board Policy 3900 or its designation of property as nonpublic. Rather, Plaintiff challenges the procedure adopted in support of the policy, AP 3900, which reiterates that the District's property is a nonpublic forum, but sets aside as a designated public forum where students and visitors can freely engage in speech activities a sizable area in the heart of the campus[1] that "provide[s] visibility and allow[s] communication to a large number of students, administrators, faculty, and others walking or traveling on campus." (Ex. C to Cp., at p., 1, ¶ 3.) Plaintiff contends this free speech area ("FSA") is too small in his opinion and that his rights in relation to AP 3900 were violated on two occasions.

---

[1] Plaintiff alleges the College campus is 104 square acres, and the free speech area is only 1.37% of that area (104 acres x 1.37% = 1.425 acres). (Cp., ¶ 43.) Plaintiff's allegation includes space already occupied by buildings, parking lots, and other facilities. Still, if the allegations are accepted as true, the free speech area is 62,064 square feet. (See Defendants' Request for Judicial Notice ("RJN"), filed concurrently herewith, ¶¶ 10-11.)

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANTS' MOTION TO DISMISS

Plaintiff contends that on September 17, 2013, he left the FSA and, while walking past the Education Development Center (the walkway outside the "ED Building" is not part of the FSA), he engaged another unidentified student in discussion about the subject of his speech activity that day. (Cp., ¶¶ 28-29.) He makes the conclusory allegation that an unnamed and undescribed person, designated as Doe 1, told Plaintiff he could not engage in his speech activities outside the FSA based on the College's free speech policy, and "warned the students that he had authority to eject [Plaintiff] from campus for violating" the policy. (Cp, ¶ 30.) The students dispersed. During the meet and confer discussion prior to the filing of this motion, counsel for Plaintiff could not or would not provide additional information as to the identity of Doe 1, much less a partial description from which Defendants can guess as to Doe's identity. This crucial conclusory allegation of conduct by a Doe defendant cannot be accepted as true for purposes of this motion.

Plaintiff further alleges he and other students displayed a poster in the FSA in March 2014. The College's Supervisor of Student Life, Defendant Adrienne Thompson, allegedly said the poster violated copyright laws and threatened to tell the College's legal department[2] if the poster was not removed. (Cp., ¶¶ 32-34.) The Complaint is devoid of factual allegations (and none can be truthfully pled) that Plaintiff took down the poster, or left it up and suffered a consequence for doing so, or was threatened with an adverse consequence.

**B.** **Administrative Procedure 5450—Student Clubs and Organizations**

The second policy challenged is AP 5450 (a copy of which is provided as Exhibit 1 to Defendants' RJN, as Plaintiff referenced, but did not attach it to his Complaint), which relates to the activities and fundraisers by student clubs. (Cp., ¶ 49.) As authorized by California Education Code section 76060 (all references herein to the Education Code shall be to the California Education Code), the

_____

[2] The District does not have a legal department.  (See RJN, ¶ 12.)

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANTS' MOTION TO DISMISS

District's Governing Board has in turn authorized the formation of an organized student body association, referred to as the Associated Students of Citrus College ("ASCC"). (See Board Policies 5400 and 5420, and Administrative Procedures 5400, 5420, and 5450, attached as Exs. 1-5 to RJN.)

Within the ASCC, there are a number of student clubs and recognized student organizations (i.e., organizations composed solely of students attending the college per Education Code section 76062) (collectively referred to herein as "RSOs"), including Young Americans for Liberty of which Plaintiff is alleged to be the president. (Cp., ¶ 47.) The District's RSOs are part of the District's co-curricular program (AP 5450, Ex. 1 to RJN), are conducted under the auspices of the ASCC, but are also subject to the Board of Governor's Budget and Accounting Manual. (Educ. Code, § 76060.5.) Pursuant to Education Code sections 76060, 76063, 76065, 84040, and 5 California Code of Regulations ("CCR") section 59010, the ASCC and its RSOs are under strict financial control of the District. Indeed, Section 76063 requires that funds be expended pursuant to "procedures that may be established by the student body organization subject to the approval of" a college official or employee, "the certificated employee who is the designated adviser of the particular student body organization, and a representative of the particular student body organization."

Pursuant to AP 5450, when RSOs wish to engage in activities or fundraisers, on or off campus, that utilize District resources or utilize monies held in the club's ASCC account, they are required by AP 5450 to submit a "Request for Activity Approval" form. (Cp., ¶ 49.) The clearance process is specified "to assure no calendar conflicts, proper sponsorship, necessary transportation, and facilities assistance." (Ex. 1 to RJN.) This procedure does not purport to regulate club activities that do not implicate the use of District or ASCC club funds, supplies, facilities or personnel, including use of the FSA.

Plaintiff alleges AP 5450 requires two weeks' notice of activities (Cp., ¶¶ 50,

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

93), but AP 5450 does not say this. Plaintiff further alleges his club has navigated the clearance process and found it to be too cumbersome and time-consuming, but how or why the District or any of its students or employees made it too cumbersome or time-consuming is not alleged. (Cp., ¶ 94.) Plaintiff simply takes issue with a process designed and implemented by other students to be consistent with State law, through their Inter-Club Council and ASCC, for the governance of their own clubs and organizations. Rather than taking his concerns to those student governance groups, he conflates student actions into purported state action.

**C.**    **Administrative Procedure 7102—Prohibition of Harassment**

The third procedure challenged is AP 7102, the District's legally required procedure prohibiting unlawful harassment against students and employees. (Cp., ¶ 60; Educ. Code, §§ 212.5, 66262.5, 66281.5; 5 CCR § 59300 et seq.)[3] Plaintiff does not allege that AP 7102 has been improperly applied to him, or that he plans to violate the policy, or that he was threatened with discipline for violation of this policy. Rather, he contends the policy is unconstitutionally vague and overbroad because it *might be* used to limit protected speech. (Cp., ¶¶ 78-81.)

Defendants seek the dismissal of Plaintiff's Complaint for the various reasons set forth in the Notice of Motion.

## II.    <u>ARGUMENT</u>

**A.**    <u>**Eleventh Amendment Immunity Bars All Claims Against the District and Claims for Monetary Damages Against Individual Defendants Sued in their Official Capacities.**</u>

Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure permit dismissal of a complaint (or specific counts within a complaint) based on lack of subject matter jurisdiction or the failure to state a claim upon which relief can be granted. In this case, the Court lacks subject matter jurisdiction over the District and

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

---

[3] Here again, Plaintiff referenced but did not attach a copy of AP 7102 to his Complaint. A copy is provided as Exhibit 9 to Defendants' RJN.

1  Plaintiff cannot state a claim for monetary damages against individual defendants
2  sued in their official capacities based on Eleventh Amendment immunity.

3    Eleventh Amendment immunity bars actions by a private citizen against a
4  state "unless Congress has abrogated state sovereign immunity under its power to
5  enforce the Fourteenth Amendment or [the] state has waived it." (*Holley v. Cal.*
6  *Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010).) Plaintiff's claims in this case
7  are asserted under 42 U.S.C. section 1983, but the Supreme Court has held that
8  section 1983 does not abrogate Eleventh Amendment immunity. (*Quern v. Jordan*,
9  440 U.S. 332, 342 (1979).)

  **1.**  **The District is an Agency of the State of California and, Therefore,**
**Immune From Suit.**

12    The Supreme Court has determined that agencies of the state are immune
13  under the Eleventh Amendment from suit—"regardless of the nature of the relief
14  sought." (*Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).)
15  In *Mitchell v. Los Angeles Community College District*, 861 F.2d 198 (9th Cir.
16  1988), cert. denied, 490 U.S. 1081 (1989), the Ninth Circuit unequivocally held that
17  California's community college districts are agencies of the State of California for
18  purposes of sovereign immunity under the Eleventh Amendment.

19    Plaintiff cites *Monell v. New York City Dept. of Social Services*, 436 U.S. 658
20  (1978), as the basis for pleading Count VII; however, that case does not apply in this
21  action, as *Monell* held that a *municipality*, as opposed to the state or an agency of the
22  state, is a "person" under Section 1983. Accordingly, *Monell* does not provide a
23  basis for suing the District and the District must be dismissed from this action.

  **2.**  **The Defendants, Sued in their Official Capacities, Are Immune**
**From Liability for Monetary Damages.**

26    Just as the District is immune from suit under the Eleventh Amendment, the
27  individual Defendants sued in their official capacities "share in the District's
28  Eleventh Amendment immunity" to the extent claims for monetary damages are

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

- 5 -

asserted against them. (*Mitchell*, 861 F.2d at 201; *Cerrato v. San Francisco Comm. College Dist.*, 26 F.3d 968, 972-973 (9th Cir. 1994), citing *Ex Parte Young*, 209 U.S. 123 (1908).) Count VI, challenging AP 5450 as applied, seeks monetary damages against the District (which is immune from suit) and Defendants Perri and Spor, who are sued only in their official capacities, and who, therefore share in the District's immunity. Moreover, for the reasons set forth below, Plaintiff cannot state a claim for injunctive and/or declaratory relief as to these individual defendants.

## B. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Second, Third and Sixth Claims for Relief.

Lack of standing provides a basis for granting a Rule 12(b)(1) motion to dismiss. The Plaintiff has the burden to establish that subject matter jurisdiction is proper. (*Kokkonen v. Guardian Life Insur. Co.,* 511 U.S. 375, 377 (1994); *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010.) ["a plaintiff must establish the 'irreducible constitutional minimum of standing . . . .].) This burden must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. (*FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).) When a defendant facially challenges jurisdiction, all material allegations in the complaint are assumed to be true and the question for the court is whether the lack of jurisdiction appears on the face of the pleading. (*Thornhill Pub. Co. v. General Telephone Electronics,* 594 F.2d 730, 733 (9th Cir. 1979).) However, the *plaintiff* retains the burden of establishing federal subject matter jurisdiction. In effect, the court presumes *lack* of jurisdiction until the plaintiff proves otherwise. (*Kokkonen,* 511 U.S. at 376–378.)

To establish the "irreducible constitutional minimum of standing," the plaintiff must show (1) "injury in fact," i.e., he suffered or is in immediate danger of suffering an injury that is concrete and particularized and not conjectural or hypothetical; (2) a causal connection between the injury and the challenged conduct; and (3) it is "likely," rather than merely "speculative," that the injury will be

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

005899.00028
12564590.1

"redressed by a favorable decision." (*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations omitted); *Lopez*, 630 F.3d at 785.) "Abstract injury is not enough." (*City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983).)

"Mere '[a]llegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm.'" (*Lopez*, 630 F.3d at 787, quoting *Laird v. Tatum*, 408 U.S. 1, 13–14 (1972).) Fears of enforcement of a regulation that are "imaginary" or "speculative" also are insufficient to confer standing. (*Lopez*, 630 F.3d at 786, citing *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979).) Rather, Plaintiff must allege facts showing a realistic danger he will sustain an injury, established by allegations that he intends to engage in conduct proscribed by the challenged regulation and a credible threat of enforcement of the regulation against him. (*Id.* at 785.) Moreover, such threat must be shown "with respect to each of the provisions [Plaintiff] seeks to challenge, as standing regarding one aspect of a policy cannot be bootstrapped into standing as to the rest." (*Rock For Life-UMBC v. Hrabowski*, 411 Fed.Appx. 541, 547, 2010 WL 5189456 (4th Cir. 2010), citation omitted.)

## 1.   Plaintiff Lacks Standing to Challenge AP 7102 (Count III).

Plaintiff alleges at Count III of the Complaint that AP 7102, the District's procedure prohibiting unlawful harassment in academic and work environments, is unconstitutional on its face. However, the Complaint is devoid of factual allegations that Plaintiff has engaged or intends to engage in specific speech that violates the AP 7102. At best, he makes the conclusory allegation that he has "refrained from organizing events that touch on sensitive political issues that could be considered offensive or inappropriate by some." (Cp., ¶ 66.) This allegation is insufficient, as it lacks concrete facts about the specific speech at issue or that it would violate AP 7102. Plaintiff's allegations fail to provide a "concrete plan" to violate AP 7102 by giving details about Plaintiff's "future speech, such as 'when, to whom, where, or under what circumstances.'" (*Lopez*, 630 F.3d at 787, quoting *Thomas v. Anchorage*

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

*Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000).)

Further, Plaintiff has not and cannot truthfully allege facts establishing even a subjective desire to engage in speech that would amount to the "severe, pervasive, and objectively offensive" conduct necessary to subject a student to discipline under the District's student discipline procedure, AP 5520, for a violation of the District's harassment procedure. [4]

Plaintiff alleges a subjective fear of discipline, without any factual foundation for that fear. (Cp., ¶ 66.)[5] There are no facts showing a credible threat that he will be disciplined for violation of AP 7102, or that a history exists of threatened or actual enforcement of the AP 7102 policy against him or other similarly-situated parties for such speech. (See *Rock For Life-UMBC*, 411 Fed.Appx. at 548 ["To demonstrate a credible threat that [the] harassment policy is likely to be enforced in the future, a history of threatened or actual enforcement of the policy against the plaintiff or other similarly-situated parties will often suffice."]; *Lopez*, 630 F.3d at 786.)

Notwithstanding the alleged subjective fear of being disciplined, Plaintiff omits reference to or copies of material provisions of the student discipline procedure. This may be because Plaintiff's subjective fear lacks plausibility based on the plain language of the District's student discipline procedure, which states the discipline process is "not intended to infringe on the rights of students to engage in free expression as protected by the state and federal constitutions . . . *and will not be used to punish expression that is protected*." (Ex. 6 to RJN (emphasis added).)  The

---

[4] Plaintiff conveniently omits any material provisions of the student discipline procedure and does not attach a copy of it to his Complaint. A copy of that procedure, AP 5520, is provided as Exhibit 6 to Defendants' RJN.

[5] Plaintiff's alleges he "is aware of official investigations conducted pursuant to AP 7102 that confirm the undefined and arbitrary nature of the policy." (Cp., ¶ 66.) This allegation is a conclusion, unsupported by specific facts, and devoid of information about the District's reliance on AP 7102 to discipline individuals for speech that is constitutionally protected or for actions similar to those in which Plaintiff intends to engage. Again, Defendants are left to guess at what Plaintiff is referring to.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANTS' MOTION TO DISMISS

1  plausibility standard applies to facial attacks on subject matter jurisdiction.
2  (*Terenkian v. Republic of Iraq* (9th Cir. 2012) 694 F.3d 1122, 1131.)

3      In short, Plaintiff has failed to plead facts to support his standing to challenge
4  AP 7102. Thus, Count III must be dismissed.

5      **2.     Plaintiff Lacks Standing to Challenge AP 5450 (Counts II and VI).**

6      Plaintiff alleges at Counts II and VI of the Complaint that AP 5450 (Ex. 1 to
7  RJN), the District's procedure for supporting the operation of RSOs, is
8  unconstitutional on its face and as applied, respectively. However, Plaintiff fails to
9  plead facts sufficient to confer standing to challenge AP 5450.

10      At most, Plaintiff alleges he is president of a registered student group, that
11  student groups are required to submit a "Request for Activity Approval" for its
12  activities and fundraisers, and that the approval process is depicted in a one-page
13  flow chart that is not part of AP 5450. (Cp., ¶¶ 47, 49, 52.) The allegations that AP
14  5450 regulates "all expressive activity" by registered student organizations and fails
15  to provide criteria or standards for approval of Requests for Activity Approval (Cp.,
16  §§ 48, 52) are conclusions, unsupported by any facts or the plain language of the
17  procedure, and need not be accepted as true for purposes of a motion to dismiss.
18  (*Ashcroft,* 556 U.S. at 678.) AP 5450 does not state or infer that it regulates "all
19  expressive activity" by registered student organizations, and Plaintiff's remaining
20  factual allegations related to student club activities pertain to matters addressed in
21  procedures that are not referenced in AP 5450. (See Cp., §§ 49-51, 56.)

22      Plaintiff asserts his club has navigated the process for past events and has
23  been deterred from engaging in expressive activities, such as a debate in spring
24  2014, because the approval process is too bureaucratic and difficult to navigate.
25  (Cp., ¶¶ 57-58, 94-95.) He further alleges a desire to conduct club activities without
26  following the clearance process, but continues to submit to the process for fear of
27  disciplinary action. (Cp., §§ 59, 94.) However, there are no *facts* alleged as to when
28  the process was navigated, what happened that made it too difficult, how long the

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

process took, and what the District, employees or students did to make the process too difficult. All that is alleged is a conclusion that it was too bureaucratic and difficult. It must be kept in mind that the process at issue applies only when an RSO seeks to make use of District or ASCC resources. (Ex. 1 to RJN.)

There also are no allegations suggesting Plaintiff or his club was denied any approvals, or was unable to engage in events at the desired times or locations, or that a credible threat exists that activity requests will be denied in the future. Plaintiff attempts to create the illusion of an injury in fact by alleging on information and belief that another student group, the Sexploration club, once had an activity request denied "arbitrarily" by the Inter-Club Council (a student governed group). (Cp., ¶ 55.) There are no facts alleged indicating what, if any, role the District would have had in that purported determination, so this allegation is immaterial. Mere allegations that a procedure is too difficult, without concrete facts, are conclusions cloaked as facts and wholly insufficient to show an injury in fact, or to establish a viable claim for relief.

For the foregoing reasons, Plaintiff has failed to plead facts to support his standing to challenge AP 5450 either on its face or as applied. Thus, Counts II and VI must be dismissed.

## C. Plaintiff Fails To State Any Claims Upon Which Relief Can Be Granted.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under this rule, a complaint may survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Id.* at 556.) "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANTS' MOTION TO DISMISS

sufficiently established that the pleader is entitled to relief. (*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).)

The Supreme Court has indicated that Rule 8 does not require "detailed factual allegations" but does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (*Id.* at 678.) Pleadings do not suffice they offer "labels and conclusions or a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." (*Ibid.* (internal citations and quotations omitted).)

Similarly, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." (*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).) In other words, the rule that a court must accept as true all of the allegations in a complaint does not apply to legal conclusions; "*while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.*" (*Ashcroft*, 556 U.S. at 678 (emphasis added).) Leave to amend should be denied when it is clear the deficiencies of the complaint cannot be cured by amendment. (*DeSoto v. Yellow Freight Systems, Inc.,* 957 F.2d 655, 658 (9th Cir. 1992).) Alternatively, where the complaint is too vague or ambiguous to permit defendants to reasonably frame a responsive pleading, a motion for a more definite statement is appropriate. (Fed. R. Civ. Proc. 12(e).)

## 1.   Plaintiff's Counts I, IV, and V, Challenging the Constitutionality of AP 3900 On Its Face and As Applied, Must Be Dismissed.

Plaintiff alleges that AP 3900 is unconstitutional on its face (Count I) and as applied to his exercise of free speech rights (Counts IV and V). However, Plaintiff has not and cannot truthfully plead facts showing he was plausibly deprived of the Constitutional right to free speech.

The "First Amendment does not guarantee access to property simply because it is owned or controlled by the government." (*U.S. Postal Service v. Council*

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANTS' MOTION TO DISMISS

*Greenburgh Civic Ass'ns*, 453 U.S. 114, 129 (1981); *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 803 (1985).) Government, like any property owner, "has power to preserve the property under its control for the use to which it is lawfully dedicated." (*Greer v. Spock*, 424 U.S. 828, 836 (1976); *Adderley v. Florida*, 385 U.S. 39, 48 (1966) [First Amendment guarantees have never meant "that people who want to propagandize protests or views have a constitutional right to do so whenever and however and wherever they please."]; *Heffron v. Int'l Society for Krishna Consciousness, Inc.*, 452 U.S. 640, 647 (1981).) Rather, "public property is property, and the law of trespass protects public property, as it protects private property, from uninvited guests." (*Gilles v. Blanchard*, 477 F.3d 466, 470 (7th Cir. 2007), cert denied 552 U.S. 820; *Cornelius*, 473 U.S. at 800.)

    a.    **Forum Analysis Determines the Extent of Government Control Over Its Property.**

Courts apply a forum analysis to determine when the government's interest in limiting the use of its property to its intended purpose outweighs the interests of those wanting to use it for other purposes. Government property is divided into three categories: the traditional public forum, the designated public forum, and all remaining property referred to as the nonpublic forum. (*Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45-46; *Cornelius*, 473 U.S. at 799-800; *International Soc. for Krishna Consciousness, Inc.*, 505 U.S. at 678-679 .)

A <u>traditional public forum</u> is "a place that by long tradition has been used by the public at large for the free exchange of ideas," such as public sidewalks and parks. (*Perry*, 460 U.S. at 45.) Government creates a <u>designated public forum</u> when it intentionally opens a nontraditional forum for use by the public at large for assembly and speech. (*Id.* at 45-46.)[6] In these two types of forums, content-based restrictions

---

[6] A designated public forum may be created but only for certain groups or topics— referred to in the Ninth Circuit as a "limited public forum." (*Perry*, 460 U.S. at 46 n 7; *DiLoreto v. Downey Unified School Dist.,* 196 F.3d 958, 965 (9th Cir. 1999).)

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

- 12 -
DEFENDANTS' MOTION TO DISMISS

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

are permitted if necessary to serve a compelling state interest and narrowly drawn to achieve that end. (*Id.* at 45.) Restrictions on the time, manner and place of speech are permitted and reasonable if they are content-neutral, narrowly tailored to serve a significant governmental interest, and leave open ample alternative channels for communication of the speaker's intended message. (*Clark v. Community for Creative Non-Violence,* 468 U.S. 288, 293 (1984); *Perry*, 460 U.S. at 46, citing *Widmar v. Vincent*, 454 U.S. 263, 269-70 (1981).)

All remaining public property, that is, all property not characterized as a traditional public forum or as a designated public forum, is considered nonpublic fora. (*Perry*, 460 U.S. at 46.) Government may set time, place, and manner regulations for use of nonpublic forums, or even reserve a forum for specific purposes, as long as such is "reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view." (*Ibid.*)

The Supreme Court, viewing a university's mission to be education, rejected the proposition that a campus must grant unfettered access to all of its grounds or buildings. (*Widmar*, 454 U.S. at 268 n. 5.) For example, the Ninth Circuit Court of Appeals held, in *Desyllas v. Bernstine*, 351 F.3d 934, 943 (9th Cir. 2003), that campus areas not approved for handbill-posting are nonpublic fora. (See also, *Gilles v. Blanchard*, 477 F.3d 466, 469 (7th Cir. 2007) ["No matter how wonderfully suited the library lawn is to … advocacy, [the] University could if it wanted bar access to the lawn to any outsider who wanted to use it for any purpose, just as it could bar outsiders from its classrooms, libraries, dining halls, and dormitories."]; *Bloedorn v. Grube*, 631 F.3d 1218 (11th Cir. 2011) [upholding state university ban on visitors speaking on campus walkways, outside of its established free speech area and without a permit].)

In this case, the "primary mission" of the California community colleges is to provide academic and vocational education to younger and older students. (See Educ. Code, § 66010.4(a)(1).) Consistent with this mission, and as authorized by Education

005899.00028
12564590.1

Code section 70902(a), the District's Board enacted Board Policy 3900, declaring its campus to be a nonpublic forum, except for areas designated for use by students or the community which are designated public forums, and directing the establishment of administrative procedures to provide reasonable time, place and manner regulations for use of the designated public forums. (Cp., 38 and Ex. B thereto.)

> **b.**   **Count I Fails to State a Claim for Relief Under § 1983, as AP 3900 is a Reasonable Time, Place and Manner Restriction.**

Plaintiff's complaint does not expressly challenge the constitutionality of Board Policy 3900 or the designation of most of the campus as a nonpublic forum, with certain property set aside for use as a designated public forum. Rather, Plaintiff challenges the constitutionality of AP 3900, which implements the Board Policy by defining the boundaries of the designated public forum, i.e., the FSA, based on his contention that the FSA is too small in relation to the size of the campus. However, AP 3900 constitutes a reasonable time, place and manner restriction.

> *i)*   *AP 3900 Is Content and Viewpoint-Neutral.*

A regulation is content neutral where it is "justified without reference to the content of the regulated speech." (*Clark*, 468 U.S. at 293-294.) So as to preserve the campus to support the College's educational mission, AP 3900 bars <u>all</u> free speech activity from areas of the campus that are not designated as part of the FSA, but it does so without regard for content or viewpoint. Although the designation of the FSA as a designated public forum can be revoked (Cp., ¶ 44 and Ex. C to Cp.), AP 3900 specifies a clear standard for doing so that is wholly unrelated to the content of any speech, namely when "necessary to prevent substantial disruption of the orderly operation of the college." (Ex. C to Cp., at ¶ 4.) Therefore, AP 3900 does not afford unbridled discretion as to when the designated forum status may be revoked.

> *ii)*   *AP 3900 Is Narrowly Tailored to Serve a Significant Government Interest.*

Substantial governmental interests exist in regulating competing uses of a

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

public forum, avoiding disruption, and insuring safety, comfort, or convenience of the public, and maintaining grounds that are attractive and intact. (See *Ward v. Rock Against Racism*, 491 U.S. 781, 792 (1989); *Bloedorn*, 631 F.3d at 1238-1239; *Long Beach Area Police Network v. City of Long Beach*, 574 F.3d 1011, 1024 (9th Cir. 2009).) As a matter of law, the District has a substantial interest in ensuring that its campuses are available and used for their intended purpose–the academic and vocational education of its students. (See Educ. Code, § 66010.4(a)(1).) The designation of one specific area in which virtually unlimited speech activities may occur at the college is narrowly tailored to these interests as the area was specifically "chosen so as to provide visibility and allow communication to a large number of students, administrators, faculty, and others walking or traveling on campus, but also so as not to disrupt educational and other activities of the District on behalf of students." (Ex. C to Cp., at ¶ 3.)

Moreover, the District's FSA does not restrict speech any more than necessary to achieve this substantial interest. (*Ward*, 491 U.S. at 799.) To the contrary, the FSA facilitates speech, regardless of content, in an area at the heart of the campus heavily trafficked by students, staff and others. (Ex. C to Cp., at ¶ 3.) The interest in maintaining the property for the college's educational purposes could not be achieved if limiting speech to the FSA were found to be improper. Individuals would be able to congregate on walkways outside of doors and buildings, compete with students for use of college grounds, create safety and cleanliness issues, and impose even greater administrative burdens in handling student and speaker safety, maintenance and cleanliness of grounds. (*Bowman v. White*, 444 F.3d 967, 980-981 (2006); *Bloedorn v. Grube*, 631 F.3d 1218, 1238-1239 (11th Cir. 2011)*.*) While Plaintiff may proffer alternative means of regulating speech, the District is not required to select the least restrictive or least intrusive means of regulating, only a means that serves its substantial interests. (*Ward*, 491 U.S. at 798.)

DEFENDANTS' MOTION TO DISMISS

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

### iii)     *AP 3900 Leaves Open Ample Alternative Channels of Communication of the Information.*

The adequacy of alternative channels is not measured by the "fondest hopes of those who wish to disseminate ideas." (*Clark v. Community*, 468 U.S. at 295.) If an advocate is given a realistic opportunity to reach his intended audience, the alternative channels of communication are adequate. (*Ibid.*; *Heffron*, 452 U.S. at 654-655; *Bl(a)ck Tea Soc'y v. City Of Boston*, 378 F.3d 8, 14 (1st Cir. 2004) ("[A]lthough the opportunity to interact directly with the [intended audience] by, say, moving among them and distributing literature, would doubtless have facilitated the demonstrators' ability to reach their intended audience, there is no constitutional requirement that demonstrators be granted that sort of particularized access.").)

Here, the FSA was specifically chosen for use by students and community members who wish to engage in speech activities on campus because it affords "communication to a large number of students, administrators, faculty, and others walking of traveling on campus." (Ex. C to Cp., at ¶ 3.) Accordingly, the location of the FSA provides speakers with extensive access to their intended audience. Just because students may also walk through other areas of campus does not mean the FSA provides inadequate access to students.

Although Plaintiff complains the FSA is only 1.37 percent of the College's 104 acres (Cp., ¶ 43), 1.37 percent of the campus is actually a sizable area, approximately 62,064 square feet, and Plaintiff's comparison to the size of the complete college property (taken as true only for purposes of this motion) does not take into account the acres upon acres of space allocated to the numerous buildings affixed on the property, parking lots, and athletic fields. (See Ex. A to Cp.; RJN ¶¶ 10-11.)[7] The rule is whether the channel of communication provided the speaker

---

[7] Exhibit A to the Complaint is a copy of the campus map, with Plaintiff's designation of the FSA. However, Plaintiff's designation is inconsistent as compared to the physical description of the FSA provided in AP 3900.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

005899.00028
12564590.1

with a realistic opportunity to reach his intended audience. (*Clark v. Community*, 468 U.S. at 295.) The District's FSA meets this standard as a matter of law.

Additionally, Plaintiff retains other avenues of communication. The public sidewalks surrounding the campus are available for speech activities. (Ex. A to Cp.) Additionally, Plaintiff can seek permission to use the facilities under the District's Civic Center Permit rules (Educ. Code, § 82537 et seq.) and BP and AP 6700 (Exs. 7-8 to RJN), use the FSA, or access media and internet as additional methods for delivering their message. (*Clark v. Community*, 468 U.S. at 295; *Bloedorn*, 631 F.3d at 1241-1242.)

Based on the foregoing, the absence of factual allegations plausibly establishing that AP 3900 is neither content- nor viewpoint-neutral, nor narrowly tailored to serve a significant government interest, and that alternative channels of communication of information are not available, Plaintiff is unable to state a claim for relief, under Count I, for alleged unconstitutionality of AP 3900 on its face.

### c.   Count IV Fails to State a Claim for Relief Under § 1983.

The applicable forum is determined by the access sought by the speaker. (*Cornelius*, 473 U.S. at 801; *DiLoreto*, 196 F.3d at 965.) Plaintiff's Count IV pertains to an alleged violation of rights when he sought to engage in speech activities while walking by the Educational Development Center (referred to as the ED Building). (Cp., ¶ 29.) Plaintiff concedes this specific area was outside the FSA. (*Ibid.*) Thus, the area outside the ED Building is the relevant property to which the analysis must be applied to determine if Plaintiff had a constitutional right of free speech that was violated.

Because the area outside the ED Building was outside the FSA, it was a nonpublic forum and the District's limitation on use of that area is constitutional when reasonable and content-neutral. (*Perry*, 460 U.S. at 46.) "The 'reasonableness' analysis focuses on whether the limitation is consistent with preserving the property for the purpose to which it is dedicated." (*DiLoreto*, 196 F.3d at 967.) The District's

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANTS' MOTION TO DISMISS

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

chosen means of preserving the campus (except the FSA) as a nonpublic forum "need not be the most reasonable or the only reasonable limitation." (*Cornelius*, 473 U.S. at 808.) Thus, Plaintiff must plead facts showing the District's reservation of the area outside the ED Building to facilitate the academic and vocational education of students was not reasonable or content-neutral. Plaintiff has not made any such allegations (focusing instead on the size of the FSA) and accordingly has failed to state a claim at Count IV for violation of constitutional rights under 42 U.S.C § 1983.

Moreover, Plaintiff's Count IV relies on the alleged statement of an unnamed and undescribed Doe defendant (Cp., ¶ 30), leaving Defendants with no information on which to guess as to the identity of Doe 1. Accordingly, Plaintiff's allegation that Doe 1 was a campus administrator who acted under color of state law (Cp., 17) is a mere conclusion, unsupported by factual allegations, and is one which cannot be accepted as true for purposes of a motion to dismiss. (*Ashcroft*, 556 U.S. at 678.) Given the absence of *factual* allegations establishing the violation of a constitutional right Plaintiff's Count IV must be dismissed for failure to state a claim for relief.[8]

### d.   Count V Fails to State a Claim for Relief Under § 1983.

Count V of Plaintiff's Complaint pertains to Plaintiff's allegation that in March 2014, he and other students, while in the FSA, displayed a poster which Thompson allegedly said violated copyright laws and, if not removed, would result in her telling the College's legal department. (Cp., ¶¶ 32-34.) Perhaps in hopes of avoiding dismissal of Count V or the application of qualified immunity, Plaintiff fails to include any factual allegations as to what happened next. There are no allegations (and none can be truthfully pled) that Plaintiff took down the poster, left it up and suffered a consequence for doing so, or was threatened with any adverse

---

[8] The alleged incident with Doe 1 occurred on September 17, 2013. (Cp., ¶ 28.) Given Plaintiff's inability or unwillingness to provide any identifying information about Doe 1, and Defendants' inability to even guess as to whom Doe 1 might be, it appears Plaintiff will be unable to timely serve Doe 1, pursuant to Rule 4 of the Federal Rules of Civil Procedure, on or before October 29, 2014.

consequence, such as application of the District's student discipline process or denial of future access to the FSA. What is clear from the absence of any such allegations is that Plaintiff suffered no adverse consequences as a result of his speech activities, and none were threatened.

Even assuming for purposes of this motion that Thompson made a threat to report Plaintiff's use of the poster to the legal department (Cp., ¶ 35), Plaintiff has not and cannot make any allegations tending to establish that he was actually deterred from using the poster, or similar posters, on that day or any other day.

Based on the foregoing, Plaintiff has provided insufficient facts to state a claim for violation of his free speech rights by Thompson. Indeed, the absence of key material facts to support a claim also points to the absence of an injury in fact that would allow this Court to retain subject matter jurisdiction over this claim.

**e.   Defendant Thompson is Entitled to Qualified Immunity.**

The qualified immunity doctrine protects government officials from civil liability for performance of their discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (*Wood v. Moss*, ___ U.S. ___, 134 S.Ct. 2056, 2066-2068 (2014); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).) Qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." Under this doctrine, courts may not award damages against a government official in his or her personal capacity unless "the official violated a statutory or constitutional right," and "the right was 'clearly established' at the time of the challenged conduct." (*Lane v. Franks*, ___U.S.___, 134 S.Ct. 2369, 2381 (2014), quoting *Ashcroft v. al–Kidd*, 563 U.S. ——, ——, 131 S.Ct. 2074, 2085 (2011).)

The protection of qualified immunity safeguards "all but the plainly incompetent or those who knowingly violate the law." (*Malley v. Briggs*, 475 U.S. 335, 341 (1986).) If officers of reasonable competence can disagree on the issue,

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

- 19 -

immunity attaches. (*Ibid.*) The Supreme Court has repeatedly told courts "not to define clearly established law at a high level of generality." (*Ashcroft*, 134 S.Ct. at 2084.) To be "clearly established" within the meaning of *Harlow*, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." (*Anderson v. Creighton*, 483 U.S. 635, 640 (1987).) Courts must not view constitutional rights in the abstract, as repeatedly asserted by Plaintiff in this case, but instead, "in a more particularized, and hence more relevant, sense." (*Id.* at 640.) "In other words, courts adjudicating claims of qualified immunity must look not to constitutional guarantees themselves but to the various doctrinal tests and standards that have been developed to implement and to administer those guarantees." (*Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 977 (9th Cir. 1998). If the application of a right to a particular set of facts is ambiguous, then even an official who ultimately violated the plaintiff's rights will be entitled to qualified immunity. (*Id.*)

Plaintiff seeks monetary damages on Count V against Defendant Thompson in her individual capacity. However, even if this Court determined that Plaintiff stated a claim for relief under Count V, Thompson is nevertheless entitled to qualified immunity. The Complaint at ¶ 35 alleges that "By threatening to report the students to Citrus College's legal department for copyright violation, Defendant Thompson attempted to intimidate Plaintiff and his fellow students and censor their protest of the student government referendum."

Here, there is no clearly established law in existence that would have put Defendant Thompson on notice that by telling Plaintiff she would notify the College's legal department of the possibility that Plaintiff was violating copyright law (assuming this is even true) would expose her to liability or infringe on Plaintiff's First Amendment rights. (*Wood*, 134 S.Ct. at 2068 ["No decision of which we are aware [] would alert Secret Service agents engaged in crowd control that they bear a First Amendment obligation 'to ensure that groups with different

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

005899.00028
12564590.1

viewpoints are at comparable locations at all times.'"].) Defendant Thompson was not ignoring any provisions of clearly established law of which she should have been aware; there are simply no cases close to being on point.

## D.   **Plaintiff's Counts II and VI, Challenging the Constitutionality of AP 5450 On Its Face and As Applied, Fail To State a Claim for Relief.**

Plaintiff alleges at Counts II and VI of the Complaint that AP 5450 (Ex. 1 to RJN), the District's procedure for supporting the operation of student clubs and organizations, is unconstitutional on its face and as applied. Plaintiff failed to plead facts sufficient to confer standing to make this challenge (see *supra*, § II.B.2), but also has failed to plead sufficient facts to state a claim for relief.

### 1.   **Count II Fails to State a Claim Because AP 5450 Constitutes a Reasonable Time, Place and Manner Restriction.**

Plaintiff contends that AP 5450 regulates "all expressive activity" by RSOs (Cp., ¶ 48), and that students have a "First Amendment right to engage in expressive activities without obtaining advance permission from government officials" (CP.,¶ 73). However, AP 5450 (Ex. 1 to RJN), on its face, does not say that it regulates all expressive activity by RSOs. In short, there is nothing in AP 5450 which prevents RSOs from engaging in their desired free speech activities in the FSA, for example.

In *Christian Legal Society Chapter of the University of California, Hastings College of the Law v. Martinez*, 561 U.S. 661, 682 (2010), the Supreme Court specifically approved of the imposition of limitations on RSOs, such as YAL and its members in this case, as a condition of receipt of benefits which only such groups could receive from the law school. The Court stated as follows:

> [T]his case fits comfortably within the limited-public-forum category, for CLS, **in seeking what is effectively a state subsidy, faces only indirect pressure to modify its membership policies; CLS may exclude any person for any reason if it forgoes the benefits of official recognition.** THE EXPRESSIVE-ASsociation [sic] precedents on which cls [sic] relies, in contrast, involved regulations that

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

compelled a group to include unwanted members, with no choice to opt out. . . . .

In diverse contexts, our decisions have distinguished between policies that require action and those that withhold benefits. See, e.g., *Grove City College v. Bell*, 465 U.S. 555, 575–576 [] (1984); *Bob Jones Univ. v. United States*, 461 U.S. 574, 602–604, [] (1983). **Application of the less restrictive limited-public-forum analysis better accounts for the fact that Hastings, through its RSO program, is dangling the carrot of subsidy, not wielding the stick of prohibition.** Cf. *Norwood v. Harrison*, 413 U.S. 455, 463 [] (1973) ("That the Constitution may compel toleration of private discrimination in some circumstances does not mean that it requires state support for such discrimination.")

(*Christian Legal Soc.*, 561 U.S. at 682-683 (emphasis added; footnotes omitted).) If Plaintiff and YAL do not want to comply with AP 5450 and the procedures developed by the ASCC, they need not do so; all they give up are the benefits and obligations of being an RSO. The Constitution permits the imposition of such choices. (*Ibid.*)

Plaintiff contends that AP 5450 fails to provide criteria or standards for approval of Requests for Activity Approval (Cp., ¶ 52); however, AP 5450 plainly provides such standards by stating that the clearance process "is to assure no calendar conflicts, proper sponsorship, necessary transportation, and facilities assistance." The Procedure is also necessary in order to assure that club and/or District expenditures are properly authorized and accounted for as required by State law, and regulations of the Board of Governors of the California Community Colleges. (Ex. 1 to RJN.)

Finally, Plaintiff asserts that AP 5450 constitutes a prior restraint on speech, which is presumptively unconstitutional. (Cp., § 73, 75, 93.) Even if, for purposes of this motion, the clearance process functions as a prior restraint in the limited circumstances where RSO activities require transportation or facilities assistance from the District or funding from ASCC accounts, prior restraints may be imposed if they amount to reasonable time, place, and manner restrictions on speech. (*Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989); *United States v. Baugh*, 187 F.3d 1037, 1042 (9th Cir. 1999).)

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

- 22 -

DEFENDANTS' MOTION TO DISMISS

In this case, the clearance process in AP 5450, on its face, constitutes a reasonable time, place and manner restriction. First, the clearance process makes no reference to and operates irrespective of the content of the RSO's activity. The focus is explicitly on facilities assistance needs, transportation, and confirmation of sponsorship, calendar conflicts and financial accountability. (Ex. 1 to RJN.) Second, AP 5450 is narrowly tailored to serve a significant governmental interest. The District has a substantial interest in managing any competing interests for the use of its resources (like tables, chairs, electricity, transportation resources, etc.) and complying with State law concerning fiscal accountability. (See *Ward,* 491 U.S. at 792; *Long Beach Area Police Network*, 574 F.3d at 1024.)

Finally, AP 5450 leaves open ample alternative channels for communication of the information in that RSOs can use the FSA and the sidewalks surrounding the campus for their speech activities without having to undertake any clearance process. To the extent a club's speech-related activity is impacted by a club's desire to use the District's or RSO's resources, then the need to obtain the clearance limits such activity only to a very limited extent and certainly no more than needed to accomplish the significant interests in managing competing uses of limited resources and properly accounting for the expenditure of District and student club funds.

## 2. Count IV Fails to State a Claim For Unconstitutional Application of AP 5450.

Plaintiff has not pleaded facts plausibly establishing that AP 5450 as applied to him violated any constitutional right to free speech. Plaintiff's only factual allegations that may be accepted as true for purposes of this motion are that Plaintiff is president of an RSO, that student groups are required to submit a "Request for Activity Approval" for its activities and fundraisers, and that the approval process is depicted in a one-page flow chart. (Cp., ¶¶ 47, 49, 52.)

Plaintiff asserts his club has navigated the process for past events and has been deterred from engaging in expressive activities, such as a debate in spring

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANTS' MOTION TO DISMISS

2014, because the approval process, in his opinion, is too bureaucratic and difficult to navigate. (Cp., ¶¶ 57-58, 94-95.) He further alleges a desire to conduct club activities without following the clearance process, but continues to submit to the process for fear of disciplinary action. (Cp., §§ 59, 94.)

However, there are no *facts* alleged as to when the process was attempted, what happened that made it too difficult, how long the process took, and what the District or its officials did to make the process too difficult. All that is alleged is a conclusion that it was too bureaucratic in Plaintiff's opinion. There also are no allegations suggesting Plaintiff and/or his club was denied any approvals or unable to engage in past events at the desired times or locations, or that a credible threat exists that activity requests will be denied in the future. If Plaintiff wants free use of District facilities, grounds, equipment and personnel, or to expend public funds held in associated student accounts, then he must comply with AP 5450. If Plaintiff does not like these burdens, he is free to engage in his desired activities, just without the support of the District and the ASCC. (*Christian Legal Soc.*, 561 U.S. at 682.)

The Complaint names Perri and Spor as defendants on Count IV, but provides no facts whatsoever about what Perri or Spor might have done in relation to the application of AP 5450. The only factual allegations about them are in paragraphs 13 and 14, which identify them as defendants. In the absence of facts specifying actions by Perri and Spor that violated Plaintiff's rights, the Complaint fails to state a claim against them for an unconstitutional application of AP 5450. (*City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989) [an action under § 1983 cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights].)

For the foregoing reasons, Plaintiff has failed to plead facts sufficient to state a claim related to AP 5450. Thus, Count II and VII must be dismissed.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**E.** **Plaintiff's Count III, Challenging the Constitutionality of AP 7102 On Its Face, Must Be Dismissed.**

Plaintiff alleges at Count III of the complaint that AP 7102, the District's procedure prohibiting unlawful harassment in academic and work environments, is unconstitutional on its face. As indicated above, Plaintiff lacks standing to raise such challenge because the Complaint is devoid of factual allegations establishing he suffered an injury in fact. But even if Plaintiff is afforded standing, he fails to state a claim for relief because he fails to establish any violation of his constitutional rights.

At best, he makes the conclusory allegation that because of a fear of being subjected to discipline, he has "refrained from organizing events that touch on sensitive political issues that could be considered offensive or inappropriate by some." (Cp., ¶ 66.) This allegation is insufficient, however, because it lacks concrete facts about the specific speech at issue or that it would violate AP 7102's prohibition on unlawful harassment. (*Lopez*, 630 F.3d at 787, quoting *Thomas*, 220 F.3d at 1139.) Moreover, the allegation of a subjective fear of discipline is alleged without any factual foundation for that fear, and is contradicted by the District's student discipline policy, which states that the discipline process is "not intended to infringe on the rights of students to engage in free expression as protected by the state and federal constitutions . . . *and will not be used to punish expression that is protected*." (Ex. 3 to RJN (emphasis added).)

In short, Count III must be dismissed based on Plaintiff's failure to plead sufficient facts to state a claim for violation of 42 U.S.C. § 1983.

### III.   CONCLUSION

Based upon the foregoing, Defendants respectfully request that this Court grant the instant Motion to Dismiss in its entirety, without affording Plaintiff leave to amend.

/ / /

/ / /

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANTS' MOTION TO DISMISS

005899.00028
12564590.1

1

2   Dated: October 27, 2014                ATKINSON, ANDELSON, LOYA, RUUD &
                                          ROMO
3

4                                         By:   /s/ Sharon J. Ormond
                                                Warren S. Kinsler
5                                               Sharon J. Ormond
                                                Attorneys for Defendants CITRUS
6                                               COMMUNITY COLLEGE DISTRICT,
                                                DR. GERALDINE PERRI, ARVID
7                                               SPOR, MARTHA MCDONALD,
                                                ADRIENNE THOMPSON
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

005899.00028
12564590.1

- 26 -

## CERTIFICATE OF SERVICE

Case Name: Vincenzo Sinapi-Riddle v. Citrus Community College District, et al.

No.:   2:14-cv-05104-FMO-RZ

On October 27, 2014, I filed the following document(s) described as **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT [F.R.C.P. 12(B)(1) AND (B)(6)] OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT F.R.C.P. 12(E)]; MEMORANDUM OF POINTS AND AUTHORITIES; PROPOSED ORDER; AND REQUEST FOR JUDICIAL NOTICE** electronically through the CM/ECF system. All parties on the Notice of Electronic Filing to receive electronic notice have been served through the CM/ECF system.

The party(ies) listed below are currently on the list to receive e-mail notices for this case.

Robert Corn-Revere
bobcornrevere@dwt.com
Ronald G. London
ronnielondon@dwt.com
Lisa B. Zycherman
lisazycherman@dwt.com
DAVID WRIGHT TREMAINE LLP
1919 Pennsylvania Ave., NW, Ste. 800
Washington, DC 20006
(202) 973-4200

Rochelle L. Wilcox
rochellewilcox@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA  90017
(213) 633-6800
Fax (213) 633-6899

☑  **BY EMAIL:** I have caused the above-mentioned document(s) to be electronically served on the above-mentioned person(s), who are currently on the list to receive e-mail notices for this case.

Executed on October 27, 2014, at Cerritos, California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/ Sharon J. Ormond
Sharon J. Ormond

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANTS' MOTION TO DISMISS