UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5104 FMO (RZx) | Date | **November 10, 2014** |
|---|---|---|---|
| Title | **Vincenzo Sinapi-Riddle v. Citrus Community College Dist., et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiffs:      Attorney Present for Defendants:

None Present      None Present

**Proceedings:**      (In Chambers) Order Re: Motion to Dismiss

Having reviewed defendants' Motion to Dismiss Plaintiff's Complaint ("Motion"), IT IS ORDERED THAT:

1. Defendants' Motion **(Document No. 24)** is **denied without prejudice**, and defendants' Request for Judicial Notice in Support of Motion to Dismiss Plaintiff's Complaint **(Document No. 25)** is **denied**. The court will only consider documents outside the pleadings only in the context of a motion for summary judgment. See United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003) ("When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond."); Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

2. Defendants shall file their Answer to the Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **November 21, 2014**.

3. In the event defendants wish to file another motion to dismiss, then counsel for the parties shall, on **November 17, 2014, at 10:00 a.m.**[1] meet and confer to discuss defendants' motion to dismiss. Defendants' motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion). Failure to include such a declaration will result in the motion being denied.

4. The court cautions defendants that any motion to dismiss referencing materials outside

---

[1] Counsel may agree to meet and confer at another time without seeking court approval for such an agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-5104 FMO (RZx)** | Date | **November 10, 2014** |
|---|---|---|---|
| Title | **Vincenzo Sinapi-Riddle v. Citrus Community College Dist., et al.** | | |

the pleadings will be denied. <u>See</u> Wright & Miller, 5C <u>Fed. Prac. & Proc. Civ.</u> § 1366, at 159 (3d ed. 2004) ("As the language of [Rule 12(b)(6)] suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.").

00  :  00

Initials of Preparer      vdr